(10 App. Div. 542.)

### BUSH v. BOARD OF SUP'RS OF ORANGE COUNTY et al.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

CONSTITUTIONAL LAW—COMMUTATION OF MILITARY SERVICE.

    Laws 1892, c. 604, authorizing cities and towns to refund money expended in furnishing substitutes, or in commutation by the men who were drafted into the military service of the United States, violates Const. 1889, art. 8.

v.42N.Y.s.no.2—27

§ 11, forbidding any county, city, town, or village to give any money or property to or in aid of any individual, or to incur any indebtedness except for county, city, town, or village purposes. 35 N. Y. Supp. 167, affirmed.

Appeal from special term, Orange county.

Action by Hudson G. Bush against the board of supervisors of Orange county, N. Y., Hiram T. Ostrander and others, and the town of Woodbury and others, to enjoin such board of supervisors from assessing a tax on the town of Woodbury, on the ground that the tax sought to be assessed is unconstitutional. From a judgment in favor of plaintiff (35 N. Y. Supp. 167) perpetually enjoining defendants from taking any proceedings to enforce payment of claims made by them under Laws 1892, c. 664, defendants appeal. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Grant B. Taylor, for appellants.
William D. Guthrie, for respondent.

PER CURIAM. We agree with the learned judge at special term in his conclusion that chapter 664 of the Laws of 1892 is unconstitutional, for the reasons set forth in his opinion. In saying that the power of taxation includes the power to recognize claims against the state or its subdivisions founded only in equity and justice, but not in gratitude or charity, we do not understand Mr. Justice BROWN to deny that the state may manifest its gratitude for actual military or other public service by the imposition of taxes for the benefit of those who have rendered such service, or of persons dependent upon them; but that he refers to cases of gratuity pure and simple, where no moral, ethical, or honorary obligation exists. In this view, we affirm the judgment upon the opinion of the court below.

Judgment affirmed, with costs.